**In re KAN CORP., Debtor.**

**Bankruptcy No. 87–8993 TS.**

United States Bankruptcy Court, W.D. Oklahoma.

June 2, 1988.

Mark Henricksen, El Reno, Okl., for debtor.

Mark A. Farmer, Lamun, Mock, Featherly, Kuehling & Cunnyngham, Oklahoma City, Okl., for Metropolitan Life.

J. Dell Gordon, Abbott & Gordon, Oklahoma City, Okl., for Chapter 12 trustee.

### OPINION AND MEMORANDUM OF DECISION

JOHN TeSELLE, Bankruptcy Judge.

This matter came on for hearing on May 5, 1988. At that time the Court found that Debtor was not a "Family Farmer" within the meaning of 11 U.S.C. § 101(17) in that 80% of Debtor's debt did not arise out of "Farming Operations" as defined in 11 U.S.C. 101(20). Debtor was given leave to file a brief in support of a Motion To Reconsider and Metropolitan Life Insurance Company was given time in which to respond.

The Debtor's brief and the creditor's response have now been fully considered by the Court.

### FACTS

The pertinent facts are substantially as follows. Debtor borrowed a substantial sum from Crossroads State Bank to finance the purchase of a Miller beer distributorship. This loan was in the nature of interim financing and was secured in part by farm land owned by Debtor. Later Debtor obtained permanent financing from Metropolitan Life Insurance Company, again secured by Debtor's farm land. Substantially all of the proceeds from the Metropolitan loan went directly to the Crossroads State Bank to pay off Debtor's earlier loan and extinguish the Bank's mortgage on Debtor's farmland. It is the contention of Debtor that the purpose of the Metropolitan loan was to save Debtor's farm and that the payments made on the loan to date have been from proceeds of the farming operation.

Debtor's obligation to Metropolitan on the date of filing constituted well in excess of 20% of Debtor's total debt.

Following a default on the Metropolitan loan, Debtor entered into an agreement with Metropolitan under the terms of which Debtor agreed to permit an *in rem* foreclosure of Metropolitan's mortgage on Debtor's farmland in return for a release by Metropolitan of Debtor's officers of their liability as guarantors of Debtor's obligation. On the same day that this agreement was executed and the release of the guarantors was effective, Debtor filed a bankruptcy petition under Chapter 12 of the Bankruptcy Code. Metropolitan now seeks a dismissal of this case to enable it to proceed with a foreclosure action in state court.

### Applicable Law

11 U.S.C. § 101(17) and (20) provide in pertinent part:

(17) "family farmer" means—

(A) individual ... engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and *not less than 80 percent of whose aggregate noncontingent, liquidated debts, ... on the date the case is filed, arise out of farming operations ....* (emphasis added)

(20) "farming operation" includes farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state.

### Issue

The issue here presented is whether the debt incurred by the loan from Metropolitan, the proceeds of which went to satisfy Debtor's obligation to Crossroads State Bank, arose out of farming operations within the meaning of 11 U.S.C. § 101(17).

### Discussion

The evidence shows that more than 50% of the Crossroads State Bank loan proceeds were used to finance the purchase of a beer distributorship. That debt did not "arise out of farming operations". The proceeds of the subsequent loan from Metropolitan were used to pay off the Crossroads State Bank loan. While it may be true that the purpose of incurring the debt to Metropolitan was to save Debtor's farmland and that the proceeds of the farming operation were used to meet the payments on the loan, those facts are not material to the issue. Whether a debt incurred from a loan "arises out of farming operations" is determined by the use made of the loan proceeds. In this case, the loan advance made by Metropolitan went to pay off Debtor's obligation to Crossroads State Bank, and the proceeds of the loan from Crossroads State Bank were invested in a beer distributorship. The farm was in need of "saving" only because it was utilized as collateral to secure the distributorship loan.

Thus, neither debt arose out of a farming operation. If we were to accept Debtor's arguments, we would have to characterize loans by the nature of the collateral or the motive of the debtor, rather than the more objective criteria of the use made of the loan proceeds. For a debt incurred as a result of a loan to "arise out of farming operations", the proceeds of the loan must in some way be directly applied to or utilized in the farming operation. See *In re Douglass,* 77 B.R. 714 (Bankr.W.D.Mo. 1987), cited by both Debtor and Metropolitan.

### Holding

For the foregoing reasons, the Court again holds that the loan from Metropolitan to Debtor did not arise out of Debtor's farming operations within the meaning of 11 U.S.C. § 101(17) and thus Debtor is not a family farmer. For that reason, Debtor's Motion To Reconsider is denied.

IT IS SO ORDERED.